ALLIED THEATRE OWNERS OF INDI-
ANA, INC., d/b/a Theatre Owners of
Indiana, Syndicate Theatres, Inc., and
Capital City Theatre Corporation, Ap-
pellants-Plaintiffs,

v.

John A. VOLPE as Secretary of Trans-
portation, Appellee-Defendant.

No. 17866.

United States Court of Appeals,
Seventh Circuit.

May 22, 1970.

Ben H. Hatfield, Jr., D. Reed Scism,
Indianapolis, Ind., Coates, Hatfield &
Colkins, Roberts & Ryder, Indianapolis,
Ind., of counsel, for appellants.

Stanley B. Miller, U. S. Atty., Indian-
apolis, Ind., Alan S. Rosenthal, James C.
Hair, Jr., Attys., Department of Justice,
Washington, D. C., William D. Ruckels-
haus, Asst. Atty. Gen., K. Edwin Apple-
gate, U. S. Atty., for appellee.

Before DUFFY and HASTINGS, Sen-
ior Circuit Judges, and FAIRCHILD,
Circuit Judge.

DUFFY, Senior Circuit Judge.

On January 16, 1969, the Secretary of
Transportation established a new time
zone boundary for the State of Indiana
(34 Fed.Reg. 605 (January 16, 1969))
pursuant to Section 4(a) of the Uniform
Time Act of 1966 (15 U.S.C. § 261 et
seq.). Except for twelve counties in the
extreme northwest and southwest por-
tions of the state referred to hereinafter
as the Gary and Evansville areas, the
Secretary's action placed the State of
Indiana in the Eastern time zone. The
excepted twelve counties mentioned were
placed in the Central time zone.

Plaintiffs filed suit in the District
Court for the Southern District of Indi-
ana seeking an injunction which would
enjoin the enforcement of the new Time
Boundary. A motion for a preliminary
injunction was denied although the Dis-
trict Judge held that the plaintiffs had
standing to bring the suit.

On March 19, 1918, during World War
I, legislation was enacted setting time
zones for the entire United States. Like
the prior 1918 Act, the law passed in
1966 authorized and directed the Inter-
state Commerce Commission to carry out

its policies. However, before the effective date of the 1966 Act, the functions, powers and duties of the Interstate Commerce Commission under the 1966 Act and also earlier Acts, were transferred to and became vested in the Secretary of the newly-created Department of Transportation, 49 U.S.C. § 1655(e) (5).

Prior to 1918, this country had operated on what was known as "Railroad Time" which had enjoyed a semi-official status since 1883. But numerous communities had adopted time standards which differed from that used by the railroads. The need for standardization became apparent, especially during World War I. On March 19, 1918, legislation was enacted which set time zones for the United States.

Historically, most of Indiana has observed Eastern standard time during the entire year except for some twelve to fifteen counties in the Gary and Evansville areas. These counties observed Central standard time in the winter months and Central daylight time in the summer months. The 1918 Act did not require observance of daylight time during the summer months and contained no enforcement provisions. This accounts for the fact that most of Indiana chose to ignore the 1961 zones established by the Interstate Commerce Commission.

Appellants are Indiana corporations which own and operate drive-in and indoor movie theatres in that State. The theatre owners complain that under the decision made by the Secretary, during the April to October half of each year, the entire state of Indiana except for the Gary and Evansville areas, will be required to observe Eastern daylight time, and that it will be approximately 9:30 p. m. (EDT) before the sun sets and it becomes dark. They urge that the effect will be that patronage of the drive-in theatres particularly will be greatly reduced.

Prior to the effective date of the 1966 Act, the Interstate Commerce Commission, in 1961, defined the boundary between Eastern and Central time zones so that it approximately divided Indiana in half, placing the eastern half, including Indianapolis, in the Eastern time zone and the western half in the Central time zone.

Unlike the 1918 Act which it replaced, the 1966 Act does require the observance of advanced (daylight) time between April and October each year unless a state, by law, exempts the entire state from observance of advanced time. The Indiana state legislature attempted to exempt Indiana from advanced time provisions and passed the required resolution but the Governor of Indiana vetoed the exemption Act.

The District Court decided that the Secretary's decision was made in accordance with the Uniform Time Act of 1966 and was, therefore, lawful. Also, that the Secretary's decision was the result of a lawful time zone boundary proceeding conducted pursuant to the Administrative Procedure Act (5 U.S.C. § 553), and that the decision was not arbitrary and capricious or an abuse of the power provided by the Act. The denial of a motion for a preliminary injunction followed.

On this appeal, plaintiffs contend that the action of the Secretary of Transportation in setting the time boundaries for the State of Indiana 1) exceeded his statutory authority; 2) was not supported by reliable probative evidence, and 3) such action was arbitrary and capricious.

■ This case is before us on an appeal from the denial of a preliminary injunction. Therefore, our scope of review is as indicated in the case of Solex Laboratories, Inc. v. Plastic Contact Lens Company, 268 F.2d 637, 638 (7 Cir., 1959): " 'Upon an appeal from the granting or denial of a preliminary injunction, this Court has a very limited scope of review. * * * The sole issue here is whether the District Court abused its discretion.' " See also United States v. Corrick, 298 U.S. 435, 437-438, 56 S.Ct. 829, 80 L.Ed. 1263 (1936)

Congress did not direct the Secretary to base his determination on the median meridian nor did it tell him where the boundaries between the time zones must be located.

The guidelines contained in 15 U.S.C. § 261 were " * * * The limits of each zone shall be defined by an order of the Interstate Commerce Commission [Secretary of Transportation], having regard for the convenience of commerce and the existing junction points and division points of common carriers engaged in interstate or foreign commerce, * * *."

On August 3, 1967, the Secretary issued a Notice of Proposed Rule Making and acknowledged a petition by the Governor of Indiana proposing that the entire State of Indiana be placed within the Central time zone, and he solicited comments by interested citizens. The Notice also stated the Secretary would not be concerned with " * * * adherence to or exemption from advanced (daylight saving) time during the summer months" (32 F.R. 11478) since the Act required all states to observe advanced time unless they have exempted themselves by the passage of a state statute.

On January 16, 1968, the Secretary issued a modified proposal suggesting that all of Indiana except for thirteen counties in the Evansville and Gary areas be included within the Eastern standard time zone. The Secretary referred to the fact that he had received comments from " * * * nearly 50,000 interested persons and businesses and civic organizations. * * *" The Secretary noted that the modification of the Governor's proposal reflected the overwhelming opinion expressed by every area of the state.

The Secretary again invited all interested persons to submit their views and arguments. On January 10, 1969, the Secretary issued his decision, effective April 27, 1970, placing the State of Indiana in the Eastern time zone except for the twelve counties hereinbefore described.

Considering now the claims of appellant Theatre Owners, there can be no question but that the owners of outdoor theatres will be hurt financially if time will be advanced under the daylight saving time provision.

The District Court pointed out that mandatory observance of advanced time was due to the provisions of the Uniform Time Act and not to the decision by the Secretary.

■ The District Court specifically found that the Secretary's decision was made in accordance with the Uniform Time Act of 1966 and was, therefore, lawful. We agree!

The District Court also pointed out that the mandatory observance of Eastern daylight time is due to Section 3(a) of the Act (15 U.S.C. § 260(a)) and to the veto of the Indiana Governor of the Act passed by the Indiana legislature which would have exempted the state from the observance of advanced (daylight saving) time.

Further, the District Court found and concluded that the Secretary's decision was not arbitrary or capricious or an abuse of the power provided by the Act. (15 U.S.C. § 261). Again, we agree!

We approve of findings and conclusions of the District Court and hold that they are fully supported by the record in this case.

Judgment

Affirmed.